491 P.2d 472

**STATE of Arizona, Plaintiff,**

**v.**

**John J. WILDEN and Jack Ray Wilden, Defendants.**

**No. 2292.**

Supreme Court of Arizona, In Banc.

. Dec. 10, 1971.

Moise Berger, Maricopa County Atty. by V. Gene Lewter, Deputy County Atty., Phoenix, for plaintiff.

Kuhse, Petrie & Reynolds, P.C. by Joe S. Reynolds, for defendants.

HAYS, Vice Chief Justice.

Pursuant to the provisions of Rule 346, Rules of Criminal Procedure, 17 A.R.S., the following question was certified to this court:

"In criminal proceeding where respective counsel have discussed with court and have agreed to refrain from all argument to jury regarding punishment and all statutory references as to punishment have been stricken from the defendants' requested instruction, is the argument of the county attorney during his closing argument when considered with all the evidence, all the argument, and instructions given by court, to the effect that '. . . the defense attorney well knows these charges may be considered as a misdemeanor by the court if you determine that they are, in fact, guilty. He has called them felonies all the way through, and the information called them felonies all the way through, but everyone here knows that they may be treated as misdemeanors by the court, so it is not for you to consider . . .' suffi-

ciently prejudicial to require the granting of a new trial to defendants by the trial court, or, upon appeal, to require reversal of the verdicts of guilt and sentencing thereon?"

It is our holding that this matter is disposed of by State v. Rodriquez, 101 Ariz. 219, 418 P.2d 375 (1966), wherein we said:

"There has recently grown up the practice of certifying to this Court questions which are merely difficult to answer. The questions presented are neither so important nor so doubtful as to require the immediate interposition of this Court. * * *"

It is ordered that this certification be dismissed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.